United States District Court
District of Massachusetts

```
                                    )
Pablo Ernesto Rivera Arias,         )
                                    )
          Petitioner,               )
                                    )
     v.                             )    Civil Action No.
                                    )    26-12111-NMG
Antone Moniz, et al.,               )
                                    )
          Respondents.              )
                                    )
```

ORDER

GORTON, J.

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Pablo Ernesto Rivera Arias ("Arias"). He contends that Antone Moniz and other named respondents have refused to grant him a bond hearing on the basis of his detention pursuant to 8 U.S.C. §1225(b)(2), despite his contention that he is eligible for such a hearing under §1226(a).

The government concedes that should the Court follow the reasons set forth in Lema Zamora v. Noem, No. 25-cv-12750-NMG, 2025 WL 2958879 (D. Mass. Oct. 17, 2025) and Lopez-Monteros v. Hyde, No. 25-cv-12629-NMG (D. Mass. Oct. 27, 2025), it would reach the same result here and find that petitioner's detention is controlled by §1226 rather than §1225(b)(2). The government notes, however, that before an Immigration Judge ("IJ") can

-1-

consider any request for bond under §1226(a), the IJ would need to first determine if petitioner is subject to mandatory detention pursuant to §1226(c)(1)(E).

Section 1226(c)(1)(E) provides that the Attorney General shall take into custody any noncitizen who is inadmissible and falls into several categories of criminal offenses. In January, 2025, the Laken Riley Act expanded the category of qualifying crimes by mandating detention for a noncitizen who

> is charged with, is arrested for . . . acts which constitute the essential elements of . . . . any crime that results in death or serious bodily injury to another person[.]

Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025); 8 U.S.C. §1226(c)(1)(E)(ii).

As relevant here, in July, 2025, petitioner was arrested for and charged with Felony Assault with a Dangerous Weapon after allegedly hitting a woman in the back of her head with a glass bottle outside of a bar, in violation of R.I. Gen. Laws §11-5-2(a), which provides as follows:

> Every person who shall make an assault or battery, or both, upon the person of another, with a dangerous weapon, . . . or an assault or battery that results in serious bodily injury shall be guilty of a felony assault. If such assault results in serious bodily injury, it shall be punished by imprisonment for not more than twenty (20) years. Every other felony assault which results in bodily injury or no injury shall be punished by imprisonment for not more than six (6) years.

-2-

The plain language of the statute makes clear that serious bodily injury is not an essential element of the offense. Indeed, the police report submitted by the government notes that the victim suffered an "apparent minor injury." Because there is no indication that petitioner was arrested for a crime that caused serious bodily injury, the Laken Riley Act does not control.

As such, the petition for writ of habeas corpus (Docket No. 1) is **ALLOWED**. The Court directs that Arias is to be released unless he is afforded a bond hearing that complies with the standards in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven days of the date of this order.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: May 21, 2026